**David M. Pyke**
State Bar No. 16419700
E-mail: *dpyke@dallastrial.com*
**Wendy D. Dawer**
State Bar No. 24036451
E-mail: *wdawer@dallastrial.com*
12655 N. Central Expressway
North Central Plaza I, Suite 700
Dallas, Texas 75243
Main Ph: 214.866.0133
Fax: 214.866.0433

**ATTORNEYS FOR DEFENDANTS
JAMES H. MOORE, III, JHM PROPERTIES,
AND ELIZABETH MOORE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JAMES H. MOORE, III, | § | CASE NO. 06-31859-sgj7 |
| | § | (CHAPTER 7) |
| Debtor. | § | |

### SUPPLEMENTAL RESPONSE BY JAMES H. MOORE, III, ELIZABETH MOORE and JHM PROPERTIES, INC. TO OBJECTION OF THE CADLE COMPANY TO TRUSTEE'S MOTION TO APPROVE SETTLEMENT

James H. Moore, III, debtor, and Elizabeth Moore and JHM Properties, Inc. (the "Moore Parties") file this Supplemental Response to the "Objection of the Cadle Company to Trustee's Motion for Order Approving Settlement Agreements Pursuant to Bankruptcy Rule of Procedure 9019."

I.

ISSUE PRESENTED

The Cadle Company[1] seeks to have the Court void an agreement made by the Trustee to settle claims with the Moore Parties, and instead have the Court order the Trustee to sell the claims to Cadle. The issue addressed in this Supplemental Response is whether a Trustee may sell litigation claims arising under 11 U.S.C. § 548 to third parties if proceeds of the litigation will not be shared with other creditors.

II.

STATUTORY CONSTRUCTION

A similar issue was presented to the United States Supreme Court in *Hartford Underwriters Insurance Co. v. Union Planters Bank*, 530 U.S. 1 (2000) in which the Court was interpreting whether a secured creditor could seek priority administrative expense status under 11 U.S.C. § 506(c). The Court stated that:

> In answer to this question, we begin with the understanding that Congress "says in the statute what it means and means in the statute what it says there". As we have previously noted in construing another provision of § 506, when "the statute's language is plain, 'the sole function of the courts' – at least where the disposition required by the text is not absurd – "is to enforce it according to its terms." Here the statute appears quite plain in specifying who may use § 506(c) – "the trustee."

*Id.* at 6 (citations omitted). The Court went on to state that the issue presented was whether it is "a proper inference that the Trustee as the *only* party empowered to invoke the provision. **We have little difficulty answering yes.**" *Id.* (emphasis added).

---

[1] The Cadle Company has filed claims, of disputed amount, of $12.5 million, a little less than half of the $27 million in claims filed by 13 separate creditors.

It is undisputed here that the claims originally brought by Cadle in state court became the property of the Trustee. *See, e.g., In re Mortgage America Corp.*, 714 F.2d 1266 (5th Cir. 1983). Therefore, Cadle is implicitly asking the Court to find that the property of the Trustee, pursuant to 11 U.S.C. § 548, is transferable by the Trustee to other creditors. The undersigned counsel cannot find an opinion issued by the Fifth Circuit or the U.S. Supreme Court that specifically answers this question.

### III.

### FIFTH CIRCUIT AUTHORITY

The only authority located in the Fifth Circuit comes from the Lubbock Division of this Court in which Judge Brister deliberated whether other parties should have the right to present avoidance issues when a debtor-in-possession refused to exercise those avoidance powers. *In re Jones,* 37 B.R. 969, 973 (B.N.D. Tex. 1984). Judge Brister stated that, "I am not prepared to state that as a matter of law a separate creditor . . . possesses those avoiding powers." *Id.* Balancing the purpose of Chapter 11 "to afford a meaningful opportunity to a worthy debtor to rehabilitate", the Court noted that creditors have a duty to bring information of a cause of action to the attention of the trustee or the debtor-in-possession so proceedings can be instituted for the benefit of all creditors. Only when the debtor-in-possession in that case refused to bring the action did the Court find it appropriate for the creditors' committee, <u>on behalf of all the creditors</u>, to pursue the claim. *Id.* at 974. It appears that Judge Brister, while weighing the bankruptcy policies and the statutory language, would find that claims under § 548 must be pursued for the benefit of all creditors. If it were otherwise, creditors would have incentive to not fulfill their duty to disclose and assist the trustee, but instead would be encouraged to hoard information about the debtor to be used by them alone.

## IV.

## OTHER CIRCUITS

Cadle has brought the attention of the Court to the Ninth Circuit's ruling in *Mickey Thompson Entertainment Group,* 292 BR 415 (B.A.P. 9th Cir. 2003); however, this ruling represents a minority position. Case authority from the Second, Fourth, Seventh, Tenth and Eleventh Circuits reject the position followed by the Ninth Circuit. Most notably, the Tenth Circuit in *In re Fox*, 305 BR 912 (B.A.P. 10th Cir. 2004) examined the Code and concluded that Congress meant in some sections of the Code for actions to be taken exclusively by the Trustee. *Id.* at 916. The Court found that § 548 is explicit, unambiguous, and absolute in stating that it is the Trustee who made void transfers. Therefore, the Court concluded that it was not up to the Court to create a remedy for creditors where none had not been granted to them. *Id.* at 916. *See also In re Boyer,* 354 B.R. 14, 35 (B.D. Conn. 2006) (a Second Circuit Bankruptcy Court ruled that permitting trustees to sell causes of action which he would not litigate himself encourages trustees to traffic causes of action with no litigation value, thereby promoting useless litigation); *in re Smith*, 2006 W.L. 1234965, 4 (B.D.D.C. Feb. 27, 2006) (clear reading of statute prohibits individual creditors from pursuing fraudulent transfer claims); *Met-Al, Inc. v. Gabor*, 225 B.R. 920, 923 (B.E.D. Wis. 1988) (A Seventh Circuit Bankruptcy Court declined to enforce an assignment of claim); *in re Carragher*, 249 B.R. 817, 820 (B.N.D. Ga. 2000) (Eleventh Circuit Bankruptcy Court stated it is "well settled" that preference claims cannot be sold or transferred by trustee).

Some courts have permitted the Trustee to sell claims, but *only* in a circumstance where all of the creditors would benefit from the recovery.[2] *See in re Vogel Van & Storage, Inc.,* 210 B.R. 27, 32 (N.D.N.Y. 1997).

## V.

## CONCLUSION

The Trustee in this case is the owner of the claims at issue pursuant to 11 U.S.C. § 548. That section specifically grants the power to bring such claims to the Trustee, and to no other party. The Trustee is *not* specifically authorized by the Bankruptcy Code to sell such claims. To do so would be destructive to the purpose of the Act to allow a debtor to rehabilitate, and would pit creditors against each other over claims instead of bringing the information to the benefit of all creditors, and would make the Trustee a "trafficker" of litigation. In fact, it is obvious in this case that Cadle is less interested in pursuing the claims, rather it intends merely to perpetuate litigation with the debtor. For these and other reasons, Cadle's objection to the proposed settlement should be overruled.

---

[2] In these circumstances, the agreements are structured so that the creditor pursuing the claim will recover its expenses and litigation costs first, but any additional recovery (*i.e.,* the net recovery of the litigation) will be shared on a pro rata basis by all creditors.

Respectfully submitted,

## Pyke & Associates, P.C.

/s/ David M. Pyke
**David M. Pyke**
**State Bar No. 16419700**
**Wendy D. Dawer**
**State Bar No. 24036451**
12655 North Central Expressway
North Central Plaza I, Suite 700
Dallas, Texas 75243
Main Ph: 214.866.0133
Fax: 214.866.0433

**ATTORNEYS FOR DEFENDANTS JAMES H. MOORE, III., ELIZABETH MOORE, AND JHM PROPERTIES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served electronic delivery on all parties who have requested notice on April 7, 2008:

/s/ David M. Pyke
**David M. Pyke**